# 96 DTA 82

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO
PANEL II**

HECTOR L. RIVERA TORRES
Demandante-Apelado

v.

EDITH ESTHER RODRIGUEZ
Demandada-Apelante

Núm. KLAN-95-1127

San Juan, Puerto Rico, a 8 de febrero de 1996

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Mediante la presente apelación se solicita la revocación de la sentencia de 8 de agosto de 1995, notificada con fecha de 29 de agosto de 1995, dictada por la Sala Superior de Ponce, del Tribunal de Primera Instancia, sentencia por la cual se anuló el reconocimiento de paternidad hecho por el apelado en relación con el menor Ashley Javier Rivera Rodríguez, revocamos el dictamen de la Sala Superior de Ponce por entender que esa decisión se aparta de lo dispuesto por el Honorable Tribunal Supremo en *Almodóvar v. Mendez,* Opinión de 23 de enero de 1990, **90 J.T.S. 11.**

La Sra. Edith Esther Rodríguez, apelante, dio a luz el niño Ashley Javier Rivera Rodríguez, el 23 de septiembre de 1991. El Sr. Héctor L. Rivera Torres, apelado, quien había sostenido relaciones sexuales, sin estar casado, con la apelante reconoció voluntariamente al niño como hijo suyo y así fue inscrito el 1ro. de octubre de 1994 en el Registro Demográfico. Un año y medio después el apelado tiene duda de que él sea el padre biológico del niño y se somete conjuntamente con la apelante a pruebas de sangre (histocompatibilidad). Estas pruebas arrojaron como resultado que el apelado no podía ser el padre biológico del niño.

El 2 de marzo de 1994 el apelado instó demanda de impugnación de paternidad. Posteriormente, el 8 de marzo de 1994, presentó demanda enmendada para incluir como demandado al niño. Alegó el apelado que reconoció al niño basándose en un error el cual tenía el efecto de anular dicho reconocimiento.

La apelante contestó el 26 de abril de 1994 y levantó como defensa afirmativa la caducidad de la acción.

Mediante Moción Solicitando Desistimiento de 17 de mayo de 1994, el apelado solicitó que se le tuviera por desistido sin perjuicio de la acción.

El tribunal de instancia dictó sentencia el 26 de mayo de 1994 dando por desistida la acción. Luego de un cambio en la representación legal, el apelado solicitó la reapertura del caso. Mediante resolución de 27 de septiembre de 1994, el tribunal de instancia decretó la continuación de los procedimientos.

El apelado presentó un requerimiento de admisiones que fue contestado por la apelante. Basándose en las contestaciones al requerimiento de admisiones, el apelado presentó solicitud de sentencia sumaria. La apelante se opuso a la solicitud de sentencia sumaria a base del Artículo 117 del Código Civil, 3 L.P.R.A. sec. 465, y en el caso de Almodóvar, *supra*, y solicitó la desestimación de la acción. El 8 de marzo de 1995 el tribunal de instancia dictó resolución en la cual expresó que quedaba desestimada la demanda y que la apelante sometiera un proyecto de sentencia.

Basándose en dicha resolución el apelado radicó una Moción para que se dicte Sentencia, moción de 3 de julio de 1995. En esta moción el apelado expresa que de la resolución de 8 de marzo de 1995 podía inferirse que el tribunal tenía la intención de desestimar la demanda pero que aún no la había dictado. Solicitó el apelado que se dictara sentencia.

El tribunal de instancia tomó la Moción para que se dicte Sentencia como una moción al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Procedió el tribunal de instancia a declarar con lugar la solicitud de sentencia sumaria presentada por el apelado. entendió el tribunal de instancia

que el Artículo 117 del Código Civil, *supra*, al referirse al marido solamente era aplicable a personas casadas. Distinguió a Almodóvar, *supra*, expresando que la cuestión decidida en ese caso fue si el término de caducidad sería tres o seis meses o el período de quince años.

A base de ello, el tribunal de instancia anuló el acto de reconocimiento del menor.

Inconforme con este dictamen del tribunal de instancia, la apelante presentó el recurso que nos ocupa. Imputó al tribunal de instancia la comisión del siguiente error:

*"Cometió error de Derecho el Honorable Tribunal de Primera Instancia, que amerita la revocación, al declarar Con Lugar una acción llamada por la parte demandante de impugnación de paternidad (impugnación de reconocimiento voluntario), cuando el término para ejercer la misma había caducado, quedando el tribunal privado de jurisdicción."*

## II
El Artículo 117 del Código Civil, 31 L.P.R.A. sec. 465, dispone lo siguiente:

*"La acción para impugnar la legitimidad del hijo deberá ejercitarse dentro de los tres meses siguientes a la inscripción del nacimiento en el registro si el marido se hallare en Puerto Rico, y de los seis meses si estuviere fuera de Puerto Rico, a contar desde que tuvo conocimiento del nacimiento."*

En el caso de *Alcaide v. Morales,* 28 D.P.R. 278 (1920), el Tribunal Supremo estableció la norma de que la acción de impugnación de reconocimiento de un hijo natural prescribe a los 15 años por tratarse de una acción personal sin término fijo.

La Constitución del Estado Libre Asociado de Puerto Rico, Artículo II, Sección 1, proscribe la discriminación por razón de nacimiento. Dándole virtualidad a la referida disposición constitucional, el Tribunal Supremo determinó en Almodóvar, *supra*, que era discriminatorio establecer un término más corto (3 ó 6 meses) para la impugnación de la legitimidad de niños nacidos en matrimonio mientras se le reconocía el término de 15 años a los padres que deseaban impugnar el reconocimiento de hijos habidos fuera de matrimonio. El efecto de Almodóvar, *supra*, es que el término más corto (3 ó 6 meses) es aplicable tanto a las impugnaciones de legitimidad de hijos nacidos en matrimonio como a las de hijos procreados fuera de matrimonio.

Es errónea la determinación del tribunal de instancia al decidir que al no estar el apelado casado con la apelante el término de caducidad de tres meses del Artículo 117 del Código Civil, *supra*, no era aplicable a los hechos del presente caso.

## III
El término de tres meses para impugnar la legitimidad en el caso de demandantes que se encuentren en Puerto Rico es un término de caducidad y no de simple prescripción. Almodóvar v. Méndez Román, *supra*. El plazo de caducidad de tres meses se contará desde la fecha en que se inscribe el reconocimiento en el Registro Demográfico o desde la fecha del documento público correspondiente en que se lleva a cabo el mismo. *Id.*

En los casos en que el reconocimiento realizado es producto de la violencia o la intimidación, una persona que se hallare en Puerto Rico y que reconoce a un niño dispone de un término de tres meses para impugnar dicho reconocimiento, que no se cuenta desde la fecha de la inscripción en el Registro Demográfico o desde la fecha del documento público en el cual se llevó a cabo el acto del reconocimiento. Cuando la violencia o la intimidación son de tal grado que vicien el consentimiento, el término de caducidad se contará desde la fecha en que cesen la violencia o la intimidación. *Id.*

Cuando el reconocimiento se hace por error, quien lo reconoció puede impugnar el mismo, demostrando que equivocadamente creyó que el niño era hijo suyo. En los casos de impugnación por error es necesario probar que el niño "se reconoció por haber [el reconocedor] padecido un error que, según las reglas generales, había de haber sido esencial, es decir, de tal índole que sin él no se habría reconocido..." Albaladejo, M., *Curso de Derecho Civil,* 2da. ed., Barcelona, 1984, T. IV, pág. 263.

En *Almodovar, supra,* a la pág. 7365, el Tribunal Supremo expresó lo siguiente:

*"Aun cuando el efecto o la consecuencia final es el mismo, esto es, la aniquilación del estado filiatorio, [...] en el caso de la acción de impugnación del reconocimiento por el contrario, no resulta necesario impugnar la condición de hijo en forma directa. La acción afirmativa del reconocimiento presupone un acto voluntario e informado. Es debido a ello que, como hemos visto anteriormente, se ha aceptado por la doctrina y los tribunales de justicia que ese reconocimiento puede ser impugnado a base de que hubo vicio en el consentimiento prestado por razón de error, violencia o intimidación; esto es, que el mismo se prestó de manera involuntaria o, si voluntariamente, "mal informado". Esa es la razón por la cual, como correctamente nos señala Albaladejo, en una acción de impugnación de reconocimiento "...queda por completo al margen de la cuestión si el reconocido es o no hijo del reconocedor..."[...] Dicho de otra forma, en una acción de impugnación de reconocimiento lo que se impugna, o se pretende anular, es el acto en sí del reconocimiento. Para ello no es necesario traer prueba que destruya la relación biológica de padre e hijo. Todo lo que se requiere es demostrar que el consentimiento prestado fue uno viciado por razón de la existencia de violencia, intimidación o error.[...]"*

La decisión del tribunal de instancia consideró determinante las pruebas de sangre (histocompatibilidad) que arrojaron un resultado de que el apelado no es el padre del niño. Al así hacerlo el tribunal de instancia siguió lo resuelto en *Ortiz v. Peña,* 108 D.P.R. 458, 462-463 (1979), caso que considera concluyente el resultado excluyente de paternidad de una prueba de sangre llevada a cabo en observación de ciertas normas estrictas.

Aparte del resultado de no paternidad de la prueba aludida, el obstáculo mayor a las pretensiones del apelado es lo dispuesto en Almodóvar, *supra,* sobre el punto de partida para computar el término de caducidad de tres meses en los casos de error. Expresó el Tribunal Supremo en Almodóvar, *supra,* que *"[e]n cuanto a la impugnación del reconocimiento debido a error, el término de caducidad de tres meses necesariamente debe contarse desde la fecha en que se llevó a cabo el reconocimiento".* Almodóvar, *supra,* p. 7368.

En la nota al calce Núm. 29 dice el Tribunal Supremo en Almodóvar, *supra,* lo siguiente:

*"Si ello es así en obligaciones y contratos, no hay motivo para que en el campo de la filiación, donde tan necesaria es la seguridad del estado filiatorio, el punto de partida para computar el plazo sea diferente. Por la transcendencia del acto del reconocimiento aquel que reconoce a un 'hijo' tiene el deber de asegurarse en los casos en que tiene alguna duda respecto a su paternidad de que el niño verdaderamente es suyo antes de reconocerlo. Las pruebas biológicas excluyentes de la paternidad son una forma sencilla y altamente confiable de descubrir si no es el padre biológico de un niño."* Cf. *Ortiz v. Peña,* 108 D.P.R. 458 (1979).

En el presente caso se inscribió el niño el 1ro. de octubre de 1991. La demanda de impugnación fue instada el 2 de marzo de 1994, fecha muy posterior al vencimiento del término de caducidad de tres meses aplicable en este caso. Es por lo tanto ineludible concluir que la acción del apelado caducó.

**IV**

Por los fundamentos precedentemente expresados, se revoca la sentencia y se desestima la demanda por caducidad.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General